IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DERRICK ALLEN,                     )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    1:19cv851
                                   )
TRI-LIFT NORTH CAROLINA, INC.,     )
NICKOL HAINES, HAILEY FULLER,      )
BOB BOND, and KAREN BOND,          )
                                   )
            Defendants.            )
```

**MEMORANDUM ORDER**

Plaintiff Derrick Allen, proceeding *pro se*, brings this action against Defendants Tri-Lift North Carolina, Inc., Nickol Haines, Hailey Fuller, Bob Bond, and Karen Bond for alleged violation of Allen's civil rights pursuant to 42 U.S.C. § 1983. Before the court is Defendants' motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), respectively. (Doc. 12.)

According to the allegations of Allen's complaint, viewed in the light most favorable to him, he participated in a forklift training course held by Tri-Lift on July 18, 2019. (Doc. 1 at 4.) He paid $150 to participate in the course, but he never received the certificate from Defendants indicating that he completed the training. (Id.) Bob Bond is the president of Tri-Lift, and the other named Defendants are managers and employees of the company.

(Id. at 2-3.)  The complaint seeks compensation from Defendants for Allen's mental anguish and punitive damages for Defendants' failure to provide him with the training certificate.  (Id. at 6.) The complaint asserts that Allen is a citizen of Durham County in North Carolina and that the Defendants, including Tri-Lift, are all citizens of North Carolina.  (Id. at 2-3.)

On August 20, 2019, Allen filed this complaint asserting a violation of his civil rights pursuant to 42 U.S.C. § 1983.  (Id. at 3.)  On the complaint form, Allen checked the box indicating that he was bringing suit against state or local officials (as opposed to federal officials).  (Id. at 3.)  On September 13, Defendants filed the present motion to dismiss.  (Docs. 12, 13.) The court issued Allen a Roseboro notice,[1] indicating that Allen had a right to file a 20-page response.  Allen timely filed an opposition brief (Docs. 15, 16), and Defendants filed a reply. (Doc. 17.)

I.   **ANALYSIS**

Defendants argue that the court lacks subject-matter jurisdiction to consider Allen's claims and so the complaint should be dismissed.  In the alternative, they argue that Allen has failed to state a claim as a matter of law, which likewise merits dismissal of the complaint.

---

[1] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

2

A court must consider its subject matter jurisdiction as a "threshold matter" prior to addressing the merits of the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998). "The plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (citing Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). When a defendant argues that a complaint fails to allege any facts establishing subject-matter jurisdiction, a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is evaluated under the same standard of review as a 12(b)(6) motion to dismiss. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In considering the motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the plaintiff's favor.

Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). Mere legal conclusions are not accepted as true, however, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

The court is mindful that Allen proceeds *pro se* and is therefore entitled to a liberal construction of his complaint. See Hall-El v. United States, No. 1:11CV1037, 2013 WL 1346621, at *2 (M.D.N.C. Apr. 3, 2013) (citing Erickson, 551 U.S. at 94). But while the court must construe a *pro se* complaint liberally, it is not obliged to become an advocate for the unrepresented party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990), or "to construct full blown claims from sentence fragments," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Federal district courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." Exxon-Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). This court has jurisdiction over suits involving federal questions, 28 U.S.C. § 1331, and suits between citizens of different states when the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

Allen does not allege a claim involving a federal question because he has not made out a proper claim under 42 U.S.C. § 1983.

A claim invoking federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682–83 (1946)).

In a § 1983 action, "[t]he person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). Thus, "private action must have a 'sufficiently close nexus' with the state that the private action 'may be fairly treated as that of the State itself.'" Id. at 507 (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 51 (1999)).

Allen has not alleged any facts indicating that Defendants are state actors, other than a conclusory allegation that Defendants "act[ed] under color of law." (Doc. 1 at 4.) Since this legal conclusion is not accepted as true, the court concludes that Defendants' actions as alleged constitute private action that does not implicate § 1983. Thus, the court lacks federal question jurisdiction.[2]

---

[2] To the extent Allen claims that the Seventh Amendment gives him a cause of action in this case (Doc. 1 at 4), he is incorrect. See Jean-Paul

The court likewise lacks diversity jurisdiction. Title 28, United States Code, section 1332 requires that a plaintiff be a citizen of a different state than the defendants. Allen's complaint alleges that all parties involved in this suit are citizens of North Carolina. In his opposition brief, Allen confirms this, stating that he resides in Durham County, North Carolina, and that all defendants are citizens of Greensboro, North Carolina. (Doc. 15 at 1.) Additionally, Allen has not alleged an amount in controversy in excess of $75,000. See 28 U.S.C. § 1332(b). He paid $150 for the forklift training course and seeks compensatory damages for "mental anguish" and "punitive damages in accordance with federal law." (Doc. 1 at 6.) Nowhere does he allege that these damages exceed $75,000. Thus, the court lacks diversity jurisdiction over this case.

For these reasons, the court lacks authority to decide Allen's claims. It is therefore unnecessary to address Defendants' alternative argument that Allen has failed to state a claim upon which relief can be granted. Dismissal will be without prejudice so that Allen may pursue his rights in an appropriate (state) court with jurisdiction to address them.

---

v. Wells Fargo Nat'l Ass'n, No. 1:15cv00682, 2015 WL 5774715, at *2 (M.D.N.C. Sept. 30, 2015) (noting that the Seventh Amendment does not provide a standalone federal cause of action).

6

## II. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 12) is GRANTED, and the complaint is DISMISSED WITHOUT PREJUDICE.

/s/ Thomas D. Schroeder<br>United States District Judge

January 7, 2020